**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLARENCE SANDERS,** | : | |
| Petitioner | : | **CIVIL ACTION NO. 1:07-1392** |
| v. | : | **(CALDWELL, D.J.)** |
| | | **(MANNION, M.J.)** |
| **WARDEN T. R. SNIEZEK,** | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On July 31, 2007, the petitioner, an inmate at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, (Doc. No. 1), along with a brief in support thereof. (Doc. No. 2). A show cause order was issued by the court on August 21, 2007. (Doc. No. 6). A second show cause order was issued on November 13, 2007, when the court took notice that the United States Attorney was never served with the petition. (Doc. No. 8). On November 30, 2007, a response was filed to the petition. (Doc. No. 13). The petitioner filed a traverse on December 20, 2007. (Doc. No. 14).

Upon review of the instant action, the petitioner was placed in the Special Housing Unit, ("SHU"), on November 3, 2006, pending an investigation into claims that he attempted to circumvent the institution's rules and regulations regarding the withdrawal and distribution of inmate funds. (Doc. No. 2, Exs. 1, 2). On that same day, while confined in the SHU, the petitioner was charged with an incident report code 297, phone abuse, for placing an unauthorized call at 9:19 p.m. (Doc. No. 2, Exs. 2, 3). Specifically,

the report reads:

> On 11-03-06 at 9:19 PM I delivered the phone to cell 195LAD. I told the two other inmates they could use the telephone. While monitoring calls Inmate Sanders placed an unauthorized call. This inmate received a call on 11-3-06 at 12:58 PM and was not scheduled to make another call until 12-3-06.

(Doc. No. 2, Ex. 3).

On November 7, 2006, the petitioner appeared before the Unit Disciplinary Committee, ("UDC"), which recommended that the matter proceed before the disciplinary hearing officer, ("DHO"), due to the fact that, if the petitioner were found guilty, greater sanctions would be warranted than could be imposed by the UDC. (Doc. No. 2, Ex. 4).

On November 16, 2006, the plaintiff had a hearing before DHO Michael Plesh. (Doc. No. 2, Ex. 5). The petitioner concedes that he was advised of his rights at the hearing and waived his right to a staff representative. The petitioner presented two inmate witnesses who testified on his behalf. Inmate Battle testified that he was on telephone restriction on the date in question and that the officer delivering the phone had not said who could use the phone. Inmate Phillips also testified that the officer did not specifically state who could use the phone. The petitioner also provided a statement at the hearing admitting that he used the phone. No procedural issues were cited, nor was any documentary evidence provided for consideration. The petitioner was found guilty of the charge with the DHO relying on the following evidence:

> SANDER'S involvement in the incident as noted in

>Section 11 of Incident Report 1531113, as provided by J. Olshefski, was viewed as inculpatory in this case. Paraphrased, Officer Olshefski writes: On 11/03/06, at approximately 9:19 PM, I delivered the phone to cell 195LAD. I told the two other inmates they could use the telephone. While monitoring calls, inmate SANDERS placed an unauthorized call. This inmate received a call on 11-03-06 at 12:58PM and was not scheduled to make another call until 12-03-06.
>
>Inculpatory evidence in the form of Memorandum from A. Leonard, Unit Manager, dated 11-06-2006, corroborated the evidence cited in the incident report in this case. Unit Manager Leonard, indicated on 11-06-2006, that she received a incident report for Inmate SANDERS for Unauthorized Use of the Telephone. The call in question occurred on November 03-2006 at 9:19PM. Unit Manager Leonard monitored the telephone call during which a female asked Inmate SANDERS, "How are you able to call me?" SANDERS said, "Well . . ." Later, she asks him, "Are you out of the hole now?" SANDERS stated, "No, the phone is in the room here. We get one phone call every thirty days."
>
>Inculpatory evidence in the form of True Facts telephone call history form, dated 11-03-2006, corroborated the evidence cited in the incident report in this case. This True Facts telephone call history verified Inmate SANDERS last used the telephone on 11-03-2006 at 12:57PM.
>
>The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information.
>
>Upon questioning by the DHO, inmate SANDERS, Clarence, Reg. No. 97551-012, admitted the charge(s). He elaborated upon his plea by stating, "I used the phone."

(Doc. No. 2, Ex. 5).

3

The petitioner was sentenced to disciplinary segregation for thirty days, loss of twenty-seven days good conduct time, and loss of phone privileges for 180 days. The DHO's findings and the sanctions imposed were upheld on appeal. (Doc. No. 2, Exs. 6, 7).

In the instant action, the petitioner alleges that he was denied his right to due process in relation to his initial placement in the SHU, as well as in relation to the above disciplinary proceedings. He alleges that the DHO failed to provide him with all statements made prior to his disciplinary proceedings by accusing staff and witnesses. The petitioner further alleges that the DHO failed to conduct a full investigation into the circumstances surrounding the charges in violation of 28 C.F.R. §541.22[1]. Finally, the petitioner alleges that staff members fabricated the claims against him as part of a conspiracy, and that staff members discriminated against him through a "code of silence." The petitioner is seeking to have the disciplinary action expunged from his record, all lost good time credits restored, and all rights and privileges reinstated.

Initially, with respect to the instant action, a habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). Claims that do not directly implicate the fact or duration of confinement may not be pursued by way of a

---

[1] Title 28 C.F.R. §541.22 relates to an inmate's placement in administrative detention.

habeas petition. See id. at 542.

The petitioner's claims of a conspiracy and discrimination by staff members do not implicate the fact or duration of his confinement and are therefore not properly pursued in a habeas corpus petition. See Harrison v. Lindsay, 2008 WL 2473687 (M.D.Pa., Jun. 19, 2008)(Munley, J.). Moreover, the petitioner's challenge to his initial placement in the SHU pending an investigation into whether he had attempted to circumvent the rules and regulations regarding the withdrawal and distribution of inmate funds also does not implicate the fact or duration of his confinement, as he concedes he was never formally charged or deprived good time credit as a result thereof.

To the extent that the petitioner claims a violation of his due process rights in the context of the disciplinary hearing process, and that this violation resulted in a loss of twenty-seven days of good conduct time, such a claim is properly the subject of this habeas petition because it directly impacts the duration of the petitioner's confinement. The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  Federal inmates possess a liberty interest in good conduct time. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F.2d 1396, 1399 (3d Cir.1991).

The Supreme Court has established due process standards for

prisoners involved in disciplinary proceedings. Wolff v. McDonnell, supra. With regard to disciplinary proceedings, the Wolff court held that an inmate must receive: (1) written notice at least twenty-four (24) hours before the hearing; (2) an opportunity to present witnesses and documentary evidence; (3) aid in presenting a defense if the inmate is illiterate; (4) an impartial tribunal; and (5) a written statement of the decision by the factfinder. Id. at 566-72.

One of the challenges raised in the instant petition is that the DHO did not provide the petitioner with all statements made prior to the disciplinary proceedings by accusing staff and witnesses. Although one of the reasons for the advance notice requirement is, according to Wolff, that the inmate involved be given an opportunity to gather facts in his defense, the language in Wolff and the brevity of the notice requirement make it clear that an inmate is not necessarily entitled to discovery in relation to his disciplinary proceedings. As stated in Wolff,

> there would be great unwisdom in encasing the disciplinary procedures in an inflexible constitutional straitjacket that would necessarily call for adversary proceedings typical of the criminal trial, very likely raise the level of confrontation between staff and inmate, and make more difficult the utilization of the process as a tool to advance the rehabilitative goals of the institution.

Wolff, 418 U.S. at 563. Because Wolff does not provide a requirement for pre-hearing discovery, the instant petition should be denied with respect to this claim.

6

In fact, it would appear from the petitioner's filings that the only factor possibly properly raised would be the impartiality of the DHO.  The petitioner claims, in his petition, that the DHO failed to fully investigate the charge brought against him ". . . thus allowing for failure in conceiving an actual harm or violation of any Rules, not subjected to bias and or discrimination towards this inmate . . ." (Doc. No. 1, p. 2). In his traverse, the petitioner further claims that staff members "in toto" remained biased, adding that "[t]his claim also constitutes the 'noncertification' of the DHO Officer of whom did commence the hearing proceedings."  (Doc. No. 14, p. 4).

To the extent that the petitioner is arguing bias on the part of the DHO, federal regulations governing the impartiality of the disciplinary hearing officer require that: "in order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO."  28 C.F.R. §541.16(b).  Nothing in this regulation disqualified DHO Plesh in this case from presiding over the petitioner's disciplinary proceedings. "[T]he requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgment or decision-making role, in the circumstances underlying the charge." Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir.1974); see also Rhodes v. Robinson, 612 F.2d 766, 773 (3d Cir.1979). There is no record evidence in this case that DHO Plesh had any personal involvement

7

in the circumstances underlying the petitioner's charge.

Where the due process requirements of Wolff are met, as in this case, the decision of the hearing examiner will be upheld, so long as there is "some evidence" to support the decision. Superintendent v. Hill, 472 U.S. 445, 457 (1985). In Hill, the Court noted that the relevant question is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board". Hill, at 455-56. See Griffin v. Spratt, 969 F.2d 13, 19 (3d Cir. 1992). Determining whether this standard is met does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence; the relevant question is whether there is any evidence in the record that could support the DHO's conclusion. See Hill at 455. To the extent that there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Id.

In this case, there is clearly "some" evidence to support the DHO's decision. Although he alleges to the contrary, the record demonstrates that the petitioner was aware that he was only allowed one phone call every thirty days. Despite this, he made a phone call on November 3, 2006, at 12:57 p.m. When the phone was brought to his cell later that evening, the petitioner placed a second phone call as demonstrated by the report of Officer Olshefski, the memorandum of A. Leonard, the Unit Manager, and the True Facts telephone call history. At his hearing before the DHO, the petitioner

8

admitted to having made the second call. Although the petitioner was authorized to make the initial call earlier in the day, there is no indication in the record that the petitioner was given authorization to make the second telephone call on November 3, 2006.

In his traverse, the petitioner argues that the respondent has only addressed his due process rights in relation to the disciplinary hearing itself and challenges the respondent's failure to address the circumstances surrounding the bringing of the charges against him. The petitioner claims that the charges brought were falsified as part of a conspiracy. However, due process rights are generally not implicated when an inmate is charged, even falsely, with misconduct: "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim."[2] Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Here, there is no dispute that the petitioner received a hearing with respect to the misconduct report and, as discussed above, received all due process rights required.

---

[2]There is an exception where the false misconduct was issued in retaliation for the inmate's exercise of his constitutional rights, but that is not at issue here. Smith, 292 F.3d at 653.

9

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DENIED**.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:  August 27, 2008**

O:\shared\REPORTS\2007 Reports\07-1392-01.wpd